# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AUGUST ARDAGNA,

    Petitioner,

vs.

JACK PALMER, et al.,

    Respondents.

Case No. 3:11-cv-00760-LRH-VPC

**ORDER**

    The court directed petitioner to show cause why the court should not dismiss the action as untimely. Order (#5). Petitioner has responded (#6). The court finds that petitioner has not shown good cause for the untimeliness of the action, and the court dismisses the action.

    On January 30, 1991, the Second Judicial District Court of the State of Nevada entered its judgment of conviction against petitioner. Petitioner did not appeal. Petitioner filed his first habeas corpus petition in state court, and the state court denied the petition. Petitioner appealed, and the Nevada Supreme Court affirmed. Remittitur issued on August 16, 1995.[1] The court takes judicial notice of the docket in State v. Ardagna, CR90-2309.[2] On July 3, 2002, petitioner filed a motion to correct an illegal sentence in the state district court. That court denied the motion on September 10, 2002. Petitioner then filed another motion to correct an illegal sentence on July 19, 2007. The state district court denied the motion on October 5, 2007. Petitioner appealed, and the Nevada Supreme

---

[1] The court takes this information from a state-district court order denying petitioner's second state habeas corpus petition, entered October 27, 2009, and attached as an exhibit to the petition.

[2] http://www.washoecourts.com/ (report generated April 10, 2013).

1 Court affirmed on April 10, 2008. The remittitur issued on June 17, 2008. Petitioner filed a post-
2 conviction habeas corpus petition in the state district court on July 11, 2008. The state district court
3 dismissed the petition on October 27, 2009, because it was both untimely and abusive of the writ.
4 Petitioner appealed. The Nevada Supreme Court affirmed on March 17, 2011. Remittitur issued on
5 April 12, 2011.

6       Petitioner incorrectly argues that the current federal habeas corpus action is a continuation of
7 his 2007 motion to correct an illegal sentence, which pursuant to Nev. Rev. Stat. § 176.555 can be
8 filed at any time. The motion to correct an illegal sentence is purely a procedure of state law. It
9 does not continue into the federal courts. Petitioner's sole federal remedy for relief from his state-
10 court judgment of conviction is a writ of habeas corpus pursuant to 28 U.S.C. § 2254. That petition
11 is subject to the one-year statute of limitation of 28 U.S.C. § 2244(d). As the court has stated
12 earlier, petitioner needed to file a federal habeas corpus petition by April 24, 1997. Order, at 4 (#5).
13 Even if petitioner's illegal-sentence motions and his second state habeas corpus petition were
14 eligible to toll the federal statute of limitation pursuant to 28 U.S.C. § 2244(d)(2),[3] they were filed
15 starting in 2002, five years after the one-year federal period had expired. There was nothing left for
16 those motions and the petition to toll. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). This
17 action is untimely.

18       Reasonable jurists would not find this conclusion to be debatable or wrong, and the court
19 will not issue a certificate of appealability.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

26

27

28       [3]The second state habeas corpus petition was untimely and thus did not qualify to toll the federal statute of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

IT IS THEREFORE ORDERED that this action is **DISMISSED** with prejudice because it is untimely. The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED this 12th day of April, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE